## NASSBERG v. ROCKWELL BAKING CORPORATION.

No. 144, Docket 21196.

United States Court of Appeals
Second Circuit.

Jan. 31, 1949.

Harry Nassberg, of New York City, petitioner appellant, pro se.

Edwin M. Slote, Scribner & Miller, Goetz & Midler, and Solomon, Schein & Rosenbaum, all of New York City (Isador Goetz, of New York City, of counsel), for appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

## PER CURIAM.

This is an appeal from an order denying compensation and disbursements sought by Harry Nassberg, the petitioner-appellant, in connection with his work as secretary of a creditors' committee. Nassberg was a member of the creditors' committee, as is shown by the order of the referee appointing the committee under date of November 28, 1947, and by Nassberg's own affidavit verified January 20, 1948. As such, he is precluded from receiving compensation for his services under the ruling in our recent decision in Lane v. Haytian Corporation of America, 2 Cir., 117 F.2d 216. There, in construing Section 337(2) of Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 737(2), we said, 117 F.2d at page 221:

"We think, therefore, that the allowable expenses of the Committee must be limited to those incurred by it in passing judgment upon the plan and in making that judgment known to the debtor and the creditors for appropriate action by him or them. Such expenses certainly cannot include any form of compensation to Committee members themselves, whether as agents or solicitors of agents or otherwise. Further, no allowance should be made to any agents so far as they either perform tasks within the compass of the Committee's own duty or act for the debtor, as in the active solicitation of assents to the proffered plan. * *

"Within the limits here indicated, a creditors' committee is entitled to reimbursement for its reasonable expenses."

We think that the disbursements of the secretary amounting to $75.35 fell within the limits permitted by the above decision. They were allowed by the referee, and were not seriously questioned by the objector. We also note that the appointment of the secretary was approved by the referee and that such an appointee could hardly have been expected to meet out of his own pocket the necessary expenses incurred in connection with the proposed plan of reorganization.

In view of the foregoing, we hold the order of the district judge should be affirmed so far as it denied compensation to the petitioner but to the extent that it rejected expenses of $75.35 should be reversed and such expenses allowed.